IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 7-ELEVEN, INC., § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> § <br> EVERGREEN CONVENIENCE STORE § <br> INC. § <br> § <br> Defendant. § | CIVIL ACTION NO._____ <br><br> **JURY TRIAL DEMANDED** |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff 7-Eleven, Inc. ("7-Eleven" or "Plaintiff") files this Original Complaint against Defendant Evergreen Convenience Store Inc., alleging as follows based on knowledge, information, and belief:

### PARTIES

1. Plaintiff is a Texas corporation having its principal place of business at 3200 Hackberry Road, Irving, Texas 75063.

2. Defendant Evergreen Convenience Store Inc. is an Illinois corporation with a business address of 1358 W. Devon Avenue, Chicago, Illinois 60660.

### NATURE OF ACTION AND JURISDICTION

3. This is an action for trademark infringement, dilution, unfair competition, and unjust enrichment under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"), and for trademark infringement, unfair competition, and unjust enrichment under the laws of the State of Illinois.

1

4. This Court has jurisdiction over this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Title 28 of the United States Code, §§ 1331 and 1338, and supplemental jurisdiction over 7-Eleven's claims under state law pursuant to 28 U.S.C. § 1367(a).

5. On information and belief, Defendant regularly conducts business in Illinois and a substantial part of the events giving rise to the acts complained of herein occurred in this District. Therefore, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## FACTS

### I. 7-Eleven's Trademarks

6. Since long before the acts of Defendant complained of herein, 7-Eleven has been engaged in the business of, among other things, offering convenience store services and products, either directly or through its licensees (collectively, "7-Eleven"), to the general public at various locations throughout the United States.

7. Since at least as early as 1946, 7-Eleven has continuously used the name and mark 7-ELEVEN in commerce in connection with a variety of products and services, including the sale and promotion of convenience and grocery store services and various other related products and services.

8. For many years 7-Eleven has frequently and continuously used the 7-ELEVEN name and mark in a stylized, multicolored logo format. A common display of the logo, shown below, features a red and orange numeral "7" followed by the green text "ELEVEN" (the "7-ELEVEN Logo"). The 7-ELEVEN Logo is typically displayed in a combination of orange, red, green, and white.



9. The 7-ELEVEN Logo is displayed, among other places, on signage for its convenience stores and gas stations.

10. Since at least as early as 1970, 7-Eleven has used the mark OH THANK HEAVEN FOR 7-ELEVEN and marks incorporating OH THANK HEAVEN (the "OH THANK HEAVEN" Marks) in connection with retail grocery store services, convenience store services, and apparel.

11. There are currently over 9,000 convenience stores throughout the United States operated by 7-Eleven, many of which use the mark 7-ELEVEN, the 7-ELEVEN Logo, and the OH THANK HEAVEN marks (collectively the "7-ELEVEN Marks").

12. 7-Eleven has annually sold billions of dollars of products and services in the U.S. in its 7-ELEVEN stores under its 7-ELEVEN Marks and has annually spent millions of dollars advertising and promoting those products and services under the 7-ELEVEN Marks. As a result, 7-Eleven has developed goodwill, public recognition, and strong rights in its 7-ELEVEN Marks, which consumers have come to know and trust as symbols of quality and value.

13. The 7-ELEVEN Marks are inherently distinctive, serving to identify and indicate the source of 7-Eleven's products and services to the consuming public, and to distinguish 7-Eleven's products and services from those of others.

14. Additionally and alternatively, as a result of 7-Eleven's frequent and widespread use and promotion of the 7-ELEVEN Marks, the marks have become distinctive to designate 7-Eleven's goods and services, to distinguish 7-Eleven's goods and services from the goods and services of others, and to distinguish the source or origin of 7-Eleven's goods and services.

15. As a result of extensive and widespread use and promotion by 7-Eleven, the 7-ELEVEN Marks have become extremely well known and widely recognized by consumers in the

State of Illinois and throughout the United States to indicate the source of 7-Eleven's goods and services.

16. As a result of 7-Eleven's extensive and widespread use and promotion of the 7-ELEVEN Marks, 7-Eleven has developed valuable goodwill in the 7-ELEVEN Marks.

17. The mark 7-ELEVEN and 7-ELEVEN Logo are famous.

18. 7-Eleven owns numerous federal trademark registrations for the 7-ELEVEN Marks, including but not limited to the following:

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| OH THANK HEAVEN FOR 7-ELEVEN | 1,083,007 | 01/17/1978 | Retail grocery store services |
| OH THANK HEAVEN | 1,951,566 | 01/23/1996 | Convenience store services |
| OH THANK HEAVEN | 6,314,820 | 04/06/2021 | Tops as clothing |
| 7-ELEVEN | 896,654 | 08/11/1970 | Retail grocery store service |
| 7-ELEVEN | 1,702,010 | 07/21/1992 | Coffee for consumption on or off the premises |
| 7-ELEVEN | 2,685,684 | 02/11/2003 | Retail store services featuring gasoline and retail store services featuring convenience store items |
| 7-ELEVEN (logo) | 5,105,141 | 12/20/2016 | retail convenience stores |
| 7-ELEVEN | 5,479,059 | 05/29/2018 | restaurant services |
| 7eleven (logo) | 6,002,678 | 03/03/2020 | Retail convenience stores and restaurant services |

These registrations are valid and subsisting. Moreover, many are incontestable, making them conclusive evidence of the validity of those registered marks and of their registration, of 7-Eleven's

4

ownership of those marks, and of 7-Eleven's exclusive right to use those marks in commerce under 15 U.S.C. § 1115(b).

## II. Defendant's Unlawful Activities

19. On information and belief, Defendant owns or operates a convenience store located at 1358 W. Devon Avenue, Chicago, Illinois 60660 (the "Infringing Site").

20. Defendant promotes the products and services offered at the Infringing Site under the name and mark "7 HEAVEN" (the "7 HEAVEN Mark") along with the descriptive phrase "FOOD MART." The 7 HEAVEN Mark is presented in a format similar to that used by 7-Eleven with its 7-ELEVEN Logo, featuring a numeral "7" followed by the spelled-out text "HEAVEN," as shown immediately below (the "7 HEAVEN Logo"). The 7 HEAVEN Mark and the 7 HEAVEN Logo are collectively referred to as the "7 HEAVEN Marks." The term "HEAVEN" rhymes with ELEVEN and is a term that 7-Eleven has incorporated into its OH THANK HEAVEN Marks. Defendant displays its 7 HEAVEN Logo on a green awning, shown below, that is highly similar to the green incorporated into the 7-ELEVEN Logo. In fact, 7-Eleven similarly displays its 7-ELEVEN Marks on a green awning at some stores, also shown below.

 

21. The 7 HEAVEN Marks are prominently displayed at least on Defendant's signage (as shown above in Paragraph 21) at the Infringing Site, which is approximately 0.3 miles away from an authorized 7-Eleven store at 6401 N Sheridan Rd, Chicago, IL 60626. There are more than

a dozen authorized 7-Eleven stores within 5 miles of the Infringing Site, and well over one hundred authorized 7-Eleven stores in the greater Chicago area.

22. 7-Eleven has notified Defendant of its trademark rights and has attempted to resolve this dispute with Defendant prior to filing this lawsuit. Defendant has not responded to multiple attempts by 7-Eleven to resolve this dispute, and has continued using the 7 HEAVEN Marks.

23. On information and belief, Defendant has set out on a deliberate course of conduct to deceive consumers into believing that the Infringing Site is connected, associated, or affiliated with 7-Eleven in order to trade on 7-Eleven's valuable goodwill. Defendant's efforts to deceive the public into believing that the Infringing Site is affiliated with 7-Eleven include Defendant's intentional use of the 7 HEAVEN Marks, including presenting those marks in a white-on-green color scheme that is virtually identical to 7-Eleven's, in commerce at the Infringing Site, even though Defendant has no permission to do so and is not currently affiliated with 7-Eleven in any way.

24. Defendant's use of the 7 HEAVEN Marks is without the permission or authority of 7-Eleven.

25. Defendant's unauthorized use of the 7 HEAVEN Marks began after the 7-ELEVEN Marks became famous.

**III.** **Effect of Defendant's Activities on 7-Eleven and the Consuming Public**

26. Defendant's unauthorized use of the 7 HEAVEN Marks is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties as to some affiliation, connection, or association of Defendant's business with 7-Eleven, or as to the origin, sponsorship, or approval of Defendant's goods and/or services.

27. Defendant's unauthorized use of the 7 HEAVEN Marks falsely indicates to the purchasing public that Defendant, its business, and its goods or services originate with 7-Eleven, or are affiliated, connected, or associated with 7-Eleven, or are sponsored, endorsed, or approved by 7-Eleven, or are in some manner related to 7-Eleven or its goods or services.

28. Defendant's unauthorized use of the 7 HEAVEN Marks falsely designates the origin of Defendant's goods and services, and falsely or misleadingly describes and represents facts with respect to Defendant and its goods and services.

29. Defendant's unauthorized use of the 7 HEAVEN Marks is likely to cause dilution of 7-Eleven's famous 7-ELEVEN Marks.

30. Defendant's unauthorized use of the 7 HEAVEN Marks enables Defendant to trade on and receive the benefit and goodwill built up at great labor and expense over many years by 7-Eleven, and to gain acceptance for Defendant's goods and services not solely on Defendant's own merits, but on the reputation and goodwill of 7-Eleven and its marks, trade dress, goods, and services.

31. Defendant's unauthorized use of the 7 HEAVEN Marks removes from 7-Eleven the ability to control the nature and quality of goods and services provided under its marks, and places the valuable reputation and goodwill of 7-Eleven in the hands of Defendant, over whom 7-Eleven has no control.

32. Unless these unfair and deceptive practices and acts of unfair competition by Defendant are restrained by this Court, they will continue, and will continue to cause irreparable injury to 7-Eleven and to the public, for which there is no adequate remedy at law.

33. As a result of Defendant's unauthorized use of the 7 HEAVEN Marks, Defendant is being unjustly enriched at the expense of 7-Eleven and the public.

**IV.     Willful Nature of Defendant's Wrongful Acts**

34. On information and belief, Defendant's acts of infringement, dilution, and unfair competition complained of herein have been malicious, fraudulent, deliberate, willful, intentional, and in bad faith, with full knowledge and conscious disregard of 7-Eleven's rights. In view of the egregious nature of Defendant's actions, this is an exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

### COUNT I:  FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

35. 7-Eleven repeats the above allegations as if fully set forth herein.

36. The acts of Defendant complained of herein constitute infringement of 7-Eleven's federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

37. 7-Eleven has been damaged by Defendant's acts of federal trademark infringement.

38. Defendant's infringement has been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

### COUNT II: FEDERAL UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

39. 7-Eleven repeats the above allegations as if fully set forth herein.

40. The acts of Defendant complained of herein constitute trademark infringement, false designation of origin, false or misleading descriptions or representations of fact, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. 7-Eleven has been damaged by Defendant's acts of trademark infringement, false designation of origin, false or misleading descriptions or representations of fact, and unfair competition.

42. Defendant's acts of trademark infringement, false designation of origin, false or misleading descriptions or representations of fact, and unfair competition have been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

### COUNT III: FEDERAL TRADEMARK DILUTION
### (15 U.S.C. § 1125(c))

43. 7-Eleven repeats the above allegations as if fully set forth herein.

44. The acts of Defendant complained of herein constitute dilution by blurring of 7-Eleven's famous 7-ELEVEN Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

45. Defendant willfully intended to trade on the recognition of the famous 7-ELEVEN Marks, and to harm the reputation of the famous 7-ELEVEN Marks.

46. 7-Eleven has been damaged by Defendant's acts of federal trademark dilution.

### COUNT IV: VIOLATION OF ILLINOIS DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS 510/2)

47. 7-Eleven repeats the above allegations as if fully set forth herein.

48. The acts of Defendant complained of herein constitute unfair competition and deceptive trade practices in violation of Illinois' Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

### COUNT V: VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS 505/1 *ET SEQ.*)

49. 7-Eleven repeats the above allegations as if fully set forth herein.

50. The acts of Defendant complained of herein constitute deceptive trade practices in violation of Illinois' Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*.

### COUNT VI: ILLINOIS INJURY TO BUSINESS REPUTATION; DILUTION
### (765 ILCS 1036/65)

51. 7-Eleven repeats the above allegations as if fully set forth herein.

52. 7-Eleven's 7-ELEVEN Marks are famous in the state of Illinois as defined in 765 ILCS 1036/65(a) and Defendant's use of the 7 HEAVEN Marks began well after the 7-ELEVEN Marks became famous.

53. The acts of Defendant complained of herein constitute dilution in violation of Illinois' Trademark Registration and Protection Act, 765 ILCS 1036/65.

54. 7-Eleven has been damaged by Defendant's acts of trademark dilution.

55. Defendant willfully intended to trade on the recognition of 7-Eleven's reputation or to cause dilution of the famous 7-ELEVEN Marks.

### COUNT VII: ILLINOIS COMMON LAW UNFAIR COMPETITION

56. 7-Eleven repeats the above allegations as if fully set forth herein.

57. The acts of Defendant complained of herein constitute unfair competition under Illinois common law.

### PRAYER

WHEREFORE, 7-Eleven prays that:

a) Defendant, Defendant's agents, servants, employees, attorneys, and all those persons in active concert or participation with them, be preliminarily and permanently enjoined from using the 7 HEAVEN Marks, any element thereof, and any other name, mark, or trade dress confusingly similar thereto;

b) Defendant, Defendant's agents, servants, employees, attorneys, and all those persons in active concert or participation with them, be required to immediately and permanently remove the 7 HEAVEN Marks from the Infringing Site and to otherwise eliminate all elements and instances of the 7 HEAVEN Marks from the Infringing Site;

c) Defendant be ordered to file with this Court and to serve upon 7-Eleven, within 30 days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

d) 7-Eleven recover all damages it has sustained as a result of Defendant's infringement, dilution, and unfair competition, and deceptive practices and that such damages be trebled;

e) An accounting be directed to determine Defendant's profits resulting from Defendant's wrongful activities, and that such profits be paid over to 7-Eleven, increased as the Court finds to be just under the circumstances of this case;

f) 7-Eleven recover its reasonable and necessary attorneys' fees;

g) 7-Eleven recover the costs of this action and prejudgment and post-judgment interest; and

h) 7-Eleven recover such other relief as the Court may find appropriate.

## JURY DEMAND

Under Fed. R. Civ. P. 38(b), 7-Eleven demands a trial by jury on all issues triable of right by a jury.

|  |  |
|---|---|
| | Respectfully submitted, |
| Date: March 5, 2025 | /s/Jeffrey A. Wakolbinger |

Jeffrey A. Wakolbinger (IL 6297872)
Bryan Cave Leighton Paisner LLP
161 N. Clark St., Suite 4300
Chicago, IL 60601
(312) 602-5061
jeff.wakolbinger@bclplaw.com

-and-

Stephen P. Meleen (TX Bar No. 00795776) *
Danae T. Robinson (TX Bar No. 24106354) *
PIRKEY BARBER PLLC
1801 East 6th Street, Suite 300
Austin, TX 78702
Telephone: (512) 322-5200
Facsimile: (512) 322-5201
smeleen@pirkeybarber.com
drobinson@pirkeybarber.com
(**Pro Hac Vice* forthcoming)

**ATTORNEYS FOR 7-ELEVEN, INC.**